UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL ALEXANDER ARANDA-SUMOZA,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-2473

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

### I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing before an Immigration Judge, "applying the correct legal standard." (Pet., ECF No. 1, PageID.13.)

In an Order entered on September 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the

May 11, 2026, bond hearing on September 8, 2026. (Resp., ECF No. 6; Recording of May 11, 2026, Bond Hearing, filed on Sep. 8, 2026).

**II. Relevant Factual Background**

Petitioner is a native and citizen of Venezuela who entered the United States in 2022. Op., *Aranda-Sumoza v. Raycraft* (*Aranda-Sumoza I*), No. 1:26-cv-1267 (W.D. Mich. May 5, 2026) (ECF No. 5). On January 28, 2026, ICE agents arrested Petitioner. *Id.*

On April 20, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Aranda-Sumoza I*. In *Aranda-Sumoza I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Aranda-Sumoza I*, (W.D. Mich. May 5, 2026), (ECF Nos. 5, 6).

On May 11, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Immigration Judge Order, *Aranda-Sumoza I*, (W.D. Mich. May 11, 2026) (ECF No. 7-1) At the conclusion of that hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Flight risk. Recent entry, no family in US, and potential persecutor bar." *Id.*

**III. Discussion**

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required "legal standard" at Petitioner's § 1226(a) bond hearing on May 11, 2026. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing.

Petitioner also claims that he is entitled to habeas relief because Respondents arrested Petitioner without a warrant. The Court agrees that "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Cristian Z. v. Bondi*, No. 26-cv-157, 2026 WL 123116, at *2 (D. Minn. Jan. 16, 2026) (citation modified); *see also* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States."). However, even if the Court assumes that a warrant was required for Petitioner's arrest, the failure to acquire a warrant alone does not entitle Petitioner to release in this § 2241 action.

In the immigration context "an unlawful arrest does not automatically result in suppression of evidence." *Gabriel v. Hermosillo*, No. 2:25-cv-02594-DGE-GJL, 2026 WL 194233, at *5 (W.D. Wash. Jan. 26, 2026); *see also INS v. Lopez-Mendoza*, 468 U.S. 1032, 1051 (1984) ("We hold that evidence derived from [an unlawful arrest] need not be suppressed in an [immigration] civil deportation proceeding."). The Sixth Circuit has acknowledged that *Lopez-Mendoza* established that a defendant, including his identity or body, is properly before a court "regardless of whether this information was obtained in violation of his Fourth Amendment rights." *United States v. Navarro-Diaz*, 420 F.3d 581, 588 (6th Cir. 2005). Thus, "the 'body' or 'identity' of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *Lopez-Mendoza*, 468 U.S. at 1039. Therefore, "once deportation proceedings have begun[,] the legality

of the alien's detention" based on the absence of a warrant "can no longer be tested by way of a habeas corpus proceeding." *Arias v. Rogers*, 676 F.2d 1139, 1143–44 (7th Cir. 1982)

Here, it is undisputed that deportations proceedings are presently underway. Accordingly, the Court need not address the substantive issue of whether Petitioner's constitutional rights were violated as a result of his warrantless arrest because even if they were, he is not entitled to habeas relief on that basis.

Accordingly, for the foregoing reasons, the Court will deny Petitioner's § 2241 petition without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: September 16, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge